## CIRCUIT COURT OF ARLINGTON COUNTY

Commonwealth of Virginia

v.

Bradshaw

May 24, 1982

Case No. (Criminal) 19268

By JUDGE CHARLES H. DUFF

I have carefully examined the memorandum in Support of the Defendant's Motion to Compel disclosure of the identity of the informants, the cases cited and the able arguments presented.

The Commonwealth concedes it intends to call the informants as witnesses in the trial. The information contained in the detailed affidavit supporting the issuance of the search warrant shows that the informants may have been closely associated with the activities of the alleged conspiracy. They clearly were witnesses to material and relevant events which could be argued as the very purpose of the conspiracy. In short they seem to me to occupy a position much different than a mere tipster. I believe that the holdings of *Roviaro* v. *United States*, 353 U.S. 53, and *McLawhorn* v. *North Carolina*, 484 F.2d 1, mandate the disclosure under these facts. As was said in *McLawhorn*:

It is important to determine those who have been treated by the Courts as tipsters as distinguished from those labeled as "participants" . . .

However, where the informant is an actual participant, and thus a witness to material

and relevant events, fundamental fairness dictates that the accused have access to him as a potential witness. In such instances disclosure of identity should be required.

Identity *only* will be required. The names of the informants should be furnished to defense counsel prior to the close of business on May 27, 1982.